```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------X
                                :
MAX IMPACT, LLC                 :
                                :
                 Plaintiff,     :
                                :   09 Civ. 0902 (LMM)
      -against-                 :   MEMORANDUM AND ORDER
                                :
SHERWOOD GROUP, INC.,           :
                                :
                 Defendant.     :
                                :
------------------X
```

McKENNA, D.J.

Sherwood Group, Inc. ("Sherwood" or "Counterclaim Plaintiff") seeks leave to amend its Counterclaim to add a count for patent false marking under 35 U.S.C. § 292 against Max Impact, LLC ("Max Impact" or "Counterclaim Defendant"). For the following reasons, Counterclaim Plaintiff's motion is DENIED.[1]

## 1.

To amend its counterclaim to add a new count for patent false marking, Sherwood would need to be granted leave of the Court. Under Federal Rule of Civil Procedure

---

[1] The Court notes Max Impact's objection that Sherwood's motion is procedurally defective, as Sherwood failed to file a notice of motion. The Court accepts the parties' letter briefing.

15(a)(2), leave should be freely granted if it serves the ends of justice. Fed. R. Civ. P. 15(a)(2). However, leave to amend should be denied if, inter alia, such amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Amendment would be futile if, for instance, the amended pleading would be unable to withstand a 12(b)(6) motion to dismiss. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).

## 2.

Sherwood alleges that Max Impact has falsely indicated that its Rollabana product is patented under U.S. Patent No. 5,176,774 ("the '774 patent"), when, in fact, Max Impact has knowledge that the Rollbana is not made according to the methods claimed in the '774 patent. Sherwood asserts that Max Impact is thereby in violation of 35 U.S.C. § 292 and seeks half of any penalty assessed, pursuant to § 292(b), and attorneys fees.

In relevant part, § 292 provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $ 500 for every such offense." 35 U.S.C. § 292.

To state a claim for false marking under 35 U.S.C. § 292, a plaintiff must allege that the defendant "acted with the deceptive purpose necessary to trigger liability under the false marking statute." Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V., 464 F.3d 1339, 1355 (Fed. Cir. 2006). The statute is "penal in nature and therefore must be construed strictly." Proportion-Air, Inc. v. Buzmatics, Inc., 1995 WL360549, *3 (Fed. Cir. 1995).

Plaintiff fails to meet this standard. Sherwood's proposed false marking allegation is simply a restatement of Sherwood's defense to Max Impact's infringement claim, which is, in essence, that Max Impact cannot prove that its banner is made in accordance with the methods of the '774 patent. This is an insufficient allegation of intent to deceive to sustain a motion to dismiss on the proposed false marking claim.

The intent to deceive cannot be presumed simply because there exists a genuine dispute as to whether Sherwood's product infringes upon the '774 patent. First, Sherwood recounts only the favorable testimony of Huican Li ("Li"), the manufacturer of both Plaintiff and Defendant's banners. Sherwood posits that Max Impact has "failed to submit any evidence in this case or the prior case as to how Max Impact's banners are manufactured." (Defendant's

3

Answer, Affirmative Defenses and Amended Counterclaims to Plaintiff's Complaint ¶ 33.)  Then, in the very next paragraph, Sherwood lodges the allegation that "[a]ccordingly, Max Impact knows from the evidence of Mr. Li and Dr. Koberstein that Max Impact's 'Rollabana' product is not made according to the specific steps claimed in the '774 patent."  (Id. at ¶ 34.)  The paucity of merit in Sherwood's proposed counterclaim is underscored by the conclusory progression of its allegations.  Nothing in the allegations sufficiently suggests that Max Impact acted with a deceptive purpose in marking its Rollabana as patented.

To be clear, though when Max Impact sought injunctive relief, the Court determined it had failed to meet its burden to persuade the Court that it could prevail on its infringement claim, see Max Impact, LLC v. Sherwood Group, Inc., 2009 WL1448983 (S.D.N.Y., May 20, 2009); Max Impact, LLC v. Sherwood Group, Inc., 2009 WL 415611 (S.D.N.Y., February 13, 2009), the Court has never indicated, as Sherwood seems to suggest, that Max Impact's claim that the Rollabana and Expand-A-Banner are made according to the '774 patent is untenable.  In fact, despite any prior failure of proof, Max Impact's legal basis for alleging infringement, in conjunction with the lack of sufficient

4

allegations of deceptive intent, is sufficiently colorable as to preclude a finding of the intent to deceive required under a false marking claim.  See <u>Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.</u>, 464 F.3d 1339, 1355 (Fed. Cir. 2006).

For the foregoing reasons, the Counterclaim Plaintiff's motion to amend its Counterclaim is DENIED.

Dated:   August *10* , 2009

SO ORDERED.

Lawrence M. McKenna

U.S.D.J.

5