```
 UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                              :
MAX IMPACT, L.L.C., et. al.   :
                              :
              Plaintiffs,     :
                              :
              -v-             :
                              :
SHERWOOD GROUP, INC.,         :
                              :
                              :
              Defendant.      :
                              :   09 Civ. 902 (LMM)
- - - - - - - - - - - - - - - X
                              :   MEMORANDUM AND ORDER
SHERWOOD GROUP, INC.,         :
                              :
         Third-Party Plaintiff, :
                              :
              -v-             :
                              :
BAMBAMS, L.L.C., et.al.,      :
                              :
                              :
         Third-Party Defendants. :
                              :
- - - - - - - - - - - - - - - X
```

Plaintiff Max Impact, LLC ("Max Impact") brought this action against Sherwood Group, Inc. ("Sherwood"), asserting claims of patent infringement, copyright infringement, false designation of origin under the Lanham Act, and related claims under New York law.  Plaintiffs Chanelia Ltd. ("Chanelia") and Argo Development & Production, Ltd. ("Argo") were later joined as necessary parties to Max Impact's patent infringement claim.  Defendant Sherwood

asserts counterclaims against Max Impact[1], alleging false advertising under the Lanham Act, tortious interference with business relationships, patent false marking, and patent misuse. Sherwood also asserts these claims against Third-Party Defendants BamBams, LLC ("BamBams"), Max Impact's exclusive U.S. supplier, and Jim Manhardt ("Manhardt"), a member of Max Impact.

There are several motions currently pending before this Court. Max Impact[2] moves to dismiss Sherwood's false marking and patent misuse counterclaims pursuant to Rule 12(b)(6) for failure to state a claim. Manhardt and BamBams move to dismiss Sherwood's Amended Counterclaims pursuant to Rule 12(b)(6) for failure to state a claim. Sherwood moves to dismiss Plaintiffs' Amended Complaint for lack of standing and Plaintiffs cross-move for disqualification of Sherwood's counsel.

For the reasons set forth below, Max Impact's motion to dismiss Sherwood's false marking and patent misuse counterclaims is GRANTED, Manhardt's motion to dismiss

---

[1] Although Argo and Chanelia are now joined as plaintiffs, Sherwood does not assert Counts II through VI against Argo and Chanelia in its Amended Counterclaims and only names these two parties in Count I, which seeks declaratory judgment of non-infringement. (See Ans. & Am. Counterclms. ¶¶ 11-68.)

[2] As noted above, Max Impact is the only plaintiff named in Counts IV, V, and VI of Sherwood's Amended Counterclaims. Thus, although this motion is made on behalf of all three Plaintiffs, to avoid confusion, this Court will reference only Max Impact as it is the only Plaintiff effected by the outcome.

Sherwood's Amended Counterclaims is GRANTED, and BamBams'
motion to dismiss Sherwood's Amended Counterclaims is
GRANTED in part and DENIED in part.  This Court will hold a
hearing to resolve the issues raised in Sherwood's motion
to dismiss Plaintiffs' Amended Complaint and Plaintiffs'
cross-motion to disqualify Sherwood's counsel.

## BACKGROUND

### A. Factual Background

Max Impact manufactures, markets, and sells a hand-
held, self-rollable banner, under the ROLLABANA® trademark.
(Am. Compl. ¶ 15.)  Max Impact asserts that ROLLABANA®
utilizes U.S. Patent Nos. 4,848,437 ("'437 patent") and
5,176,774 ("'774 patent"), which both teach methods for
developing a self-rolling banner that can be used as a
handheld promotional display.  (Am. Compl. ¶¶ 8, 9, 15.)
Both patents were issued to Joseph Lanado (since deceased)
and Mosh Har-el.[3]   (Id.)  The patents were initially
assigned to Roll-Screens, Inc., and then to Argo, an
Israeli corporation of which Harel is the sole owner.  (Am.
Compl. ¶¶ 6, 10.)  In 2007, Argo and Harel entered into an
agreement that granted Chanelia "sole, exclusive, worldwide
rights to manufacture, market and sell products made in

---

[3] Mr. Har-El is referred to in the motion papers as "Harel", and the
Court does so as well.

accordance with the claims of the '437 and '774 patent."
(Am. Compl. ¶ 11.)  Chanelia then entered into an agreement
with Max Impact, (the "Distribution Agreement"), whereby
Max Impact became the exclusive North American distributor
and licensee of products made in accordance with the '437
and '774 patent.  (Am. Compl. ¶ 12.)

In approximately 2008, Max Impact granted a license to
BamBams to manufacture a hand-held, self-rollable banner in
accordance with the '774 patent and BamBams is currently
Max Impact's exclusive U.S. supplier of ROLLABANA®.
(Third-Party Defs.' Memo. in Supp. of Their Mot. to Dismiss
Sherwood's Am. Countercls. ("Third-Party Defs.' Memo.") at
1-2.)

Defendant Sherwood also manufactures, markets, and
sells a hand-held, self-rolling promotional banner, known
as the "Expand-A-Banner". (See Am. Compl. ¶ 17.)  In 2007,
Chanelia sent Sherwood a cease-and-desist notice asserting
that its Expand-A-Banner infringed on the '437 and '774
patents.  (Id.)  Sherwood denied infringement (Am. Compl.
¶ 18) and when Chanelia did not pursue litigation against
Sherwood, Max Impact initiated this action[4] alleging patent
infringement in violation of 35 U.S.C. § 271, copyright

---

[4] The Distribution Agreement grants Max Impact the right to institute an
action against an infringer if Max Impact is dissatisfied with
Chanelia's enforcement of the '437 and '774 patents.  (See Am. Compl.
¶ 13.)

infringement in violation of 17 U.S.C. § 101, false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and violations of related New York statutory and common law. In response, Sherwood asserted counterclaims against Max Impact seeking declaratory judgment of non-infringement, alleging false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and alleging tortious interference with business relationships.

## B. Relevant Court Rulings

Since this action's inception, the Court has ruled on a number of motions that are relevant to the issues before the Court today.

On August 10, 2009, this Court denied Sherwoods' motion to amend its counterclaims to add a count for patent false marking under 35 U.S.C § 292, holding that Sherwood's proposed amendment would not withstand a Rule 12(b)(6) motion to dismiss because Sherwood failed to sufficiently allege that Max Impact acted with the requisite deceptive purpose. (See Mem. and Order, Aug. 10, 2009, at 4-5.)

On May 4, 2010, this Court held that Argo and Chanelia were necessary parties to Max Impact's patent infringement claim because Argo had retained substantial rights in the patents at issue. (Mem. and Order, May 4, 2010, at 7-8.)

On  August  23,  2010,  this  Court  denied  Sherwood's motion  for  leave  to  join  Manhardt  and  Harel  as  third-party defendants.   (Mem.  and  Order,  Aug.  23,  2010,  at  3.) Specifically,  this  Court  held  that  at  all  times,  Manhardt was  a  member  of  Max  Impact  and  acted  as  such,  rather  than as  an  individual,  in  the  activities  attributed  to  him  by Sherwood,  and  that  Sherwood  did  not  attribute  any  relevant activities  to  Harel,  let  alone  activities  that  could  give rise  to  personal  liability.   (<u>Id.</u>)

### C. Amended Pleadings

On  September  20,  2010,  Max  Impact,  Chanelia,  and  Argo filed  an  Amended  Complaint,  asserting  the  same  causes  of action  against  Sherwood.   (<u>See</u>  Am.  Compl.  ¶¶  24-58.)

On  September  30,  2010,  Sherwood  filed  its  Answer  to Plaintiffs'  Amended  Complaint  and  Amended  Counterclaims. Sherwood  added  Manhardt,  BamBams,  and  Harel  as  third-party defendants.[5]   (<u>See</u>  Ans.  &  Am.  Counterclms.  ¶¶  8(a),  9,  10.) Sherwood  also  added  claims  of  patent  false  marking  under  35 U.S.C.  §  292  and  patent  misuse.   (<u>See</u>  Ans.  &  Am. Counterclms.  ¶¶  37-68.)

---

[5] Sherwood  has  since  advised  the  Court  that  it  has  agreed  to  dismiss  its counterclaims  against  Harel.   (<u>See</u>  Letter  from  E.  Sutton,  Feb.  7, 2011.)

## DISCUSSION

## A. Rule 12(b)(6) Legal Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor." In re Parmalat Sec. Litig., 501 F. Supp. 2d 560, 572 (S.D.N.Y. 2007) (citing Levy v. Southbrook Int'l Invs., Ltd., 263 F.3d 10, 14 (2d Cir. 2001)). To survive a 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Comm'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[O]nce the claim has been adequately stated it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. (citing Twombly, 550 U.S. at 562).

In deciding a Rule 12(b)(6) motion, it is not the court's function "to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir.

1990).  Additionally, the court is generally "not permitted to consider factual matters submitted outside of the complaint unless the parties are given notice that the motion to dismiss is being converted to a motion for summary judgment under Rule 56 and are afforded an opportunity to submit additional affidavits." <u>Campo v. 1st Nationwide Bank</u>, 857 F. Supp. 264, 269 (E.D.N.Y. 1994).

**B. Plaintiffs' Motion to Dismiss Counts IV, V, and VI**

**1. Patent False Marking (Count V)**

Max Impact moves to dismiss Count V of Sherwood's Amended Counterclaims.  In Count V, Sherwood alleges that Max Impact has falsely indicated that the ROLLABANA® product is patented under the '774 patent, when, in fact, Max Impact knows that the ROLLABANA® is not made according to the methods claimed in the '774 patent. (<u>See</u> Ans. & Am. Counterclms. ¶¶ 46-61.)

These allegations are nearly identical to the allegations in the false marking count that Sherwood proposed in 2009 and that this Court held would not survive a Rule 12(b)(6) motion to dismiss.  (<u>See</u> Mem. and Order, Aug. 10, 2009.)  As this Court explained, to state a claim for false marking under 35 U.S.C. § 292, Sherwood must allege that Max Impact "acted with the deceptive purpose necessary to trigger liability under the false marking

statute." <u>Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.</u>, 464 F.3d 1339, 1355 (Fed. Cir. 2006). In denying Sherwood's motion to amend its pleadings, this Court held that Sherwood's allegation that Max Impact cannot prove that its banner is made in accordance with the methods of the '774 patent is an insufficient allegation of intent to deceive. (Memo. and Order, Aug. 10, 2009, at 3.) Specifically, this Court noted that since Max Impact's legal position as to the '774 patent was sufficiently plausible, Max Impact could not have acted with the deceptive purpose necessary to trigger liability under the false marking statute. (<u>Id.</u> at 4-5 (citing <u>Kemin Foods</u>, 464 F.3d at 1355 (holding that where a party's legal position as to the scope of a patent was sufficiently plausible, the party could not have acted with the requisite deceptive purpose).)

Sherwood has made no new allegations related to its false marking counterclaim and thus, Count V of Sherwood's Amended Complaint must be dismissed for the same reasons that this Court previously denied leave to amend -- Sherwood fails to sufficiently allege the requisite deceptive purpose.

### 2. Patent False Marking Post-Expiration (Count IV)

Next, Max Impact moves to dismiss Count IV of Sherwood's Amended Counterclaims.  In Count IV, Sherwood alleges that Max Impact has falsely indicated that the ROLLABANA® product is patented under the '774 patent after the patent expired on January 5, 2010.  (See Ans. & Am. Counterclms. ¶¶ 37-45.)  Max Impact, however, maintains that the '774 patent did not expire until January 25, 2011. (See Pls.' Memo. in Supp. of Mot. to Dismiss Counts IV, V and VI ("Pls.' Mot. to Dismiss Memo.") at 7-12.)

Under 35 U.S.C. § 154(c)(1), the term of a patent is "the greater of the 20-year term as provided in [section 154(a)], or 17 years from grant."[6]  Section 154(a) provides for a term of 20 years from the date of the patent's application unless the patent receives the benefit of an earlier filed application under section 120, which provides that:

> [a]n application [that is] . . . filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, . . . if it contains . . . reference to the earlier filed application.

---

[6] Section 154(c)(1) applies to any patent, like the '774 patent, "that results from an application filed before [June 8, 1995,] the date that is 6 months after the date of the enactment of the Uruguay Round Agreements Act."  35 U.S.C. § 154(c)(1).

35 U.S.C. § 120.  If section 120 applies, then the term is 20 years from the date of the earlier filed application.  See 35 U.S.C. § 154(a).

Here, the patent application was filed on January 25, 1991 and the '774 patent issued on January 5, 1993.  (See Am. Compl. Ex. B.)  Sherwood argues that the patent expired 17 years from the January 5, 1993 issuance date because the 1991 application referenced an earlier filed application and therefore, under 35 U.S.C. § 154(a), the '774 patent has an "effective filing date of" November 9, 1988 when the earlier application was filed and 17 years from issuance is the greater term.  (See Def.'s Opp'n to Pls.' Mot. to Dismiss at 3.)  Max Impact, however, argues that the '774 patent should not receive the benefit of the referenced earlier filed applications because a claim "acquires an earlier filed date if, and only if, it could have been added to an earlier application without introducing new matter."  (See Pls.' Mot. to Dismiss Memo. at 7-12 (quoting Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co., 112 F.3d 1561, 1564 (Fed. Cir. 1997)).)  Thus, Max Impact contends, the '774 patent expires 20 years from the January 25, 1991 application date because the '774 application introduced new matter.  (Id.)

It is unnecessary to resolve this dispute for purposes of this motion because it is enough that Max Impact's legal position as to the term of the '774 patent is sufficiently plausible. Notably, Sherwood points to no cases refuting Max Impact's interpretation of 35 U.S.C. § 120, let alone a case indicating that Max Impact's legal position is untenable. Thus, Count IV fails for the same reasons as Count V -- Sherwood fails to sufficiently allege that Max Impact acted with the deceptive purpose necessary to maintain a claim under the false marking statute. See Kemin Foods, 464 F.3d at 1355. Count IV of Sherwood's Amended Complaint is therefore dismissed.

### 3. Patent Misuse Claims (Count VI)

Finally, Max Impact moves to dismiss Count VI of Sherwood's Amended Counterclaims. In Count VI, Sherwood alleges that Max Impact has committed patent misuse by "impermissibly extend[ing] the scope and life" of the '774 Patent and U.S. Patent No. 5,443,923 (the "'923 Patent"), by indicating that ROLLABANA® is covered by these patents after the patents had expired. (See Ans. & Am. Counterclms. ¶¶ 62-68.) In addition to seeking injunctive relief, Sherwood seeks monetary damages for the alleged patent misuse. (Id. at ¶ 68.)

12

Patent misuse is an equitable doctrine that relates "primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant." C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1372 (Fed. Cir. 1998)(citing Mallinckrodt, Inc. v. Medipart, Inc., 976 F.2d 700, 703-4 (Fed. Cir. 1992)). "Misuse defenses must be directed to the patent or patents alleged to be infringed." Carter-Wallace, Inc. v. U. S., 449 F.2d 1374, 1384 (1971). A finding of patent misuse renders the patent unenforceable until the misuse is purged, but it does not result in a damages award to the accused infringer. B. Braun Medic., Inc. v. Abbott Labs., 124 F.3d 1419, 1427 (Fed. Cir. 1997). Thus, patent misuse is not an affirmative claim and it can only be asserted as a counterclaim to the extent that an accused infringer is seeking declaratory judgment. Moreover, the Federal Circuit has cautioned that "the defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim." B. Braun, 124 F.3d at 1428.

Here, Sherwood's patent misuse counterclaim fails as a matter of law because it is asserted as an affirmative

claim for damages.[7]   To the extent that Sherwood seeks a
declaration that the '774 patent is unenforceable (which
Sherwood does not clearly seek on the face of its Amended
Counterclaims) this is entirely duplicative of its patent
misuse defense (<u>see</u> Ans. & Am. Counterclms. at 6) and any
equitable remedy will lie there.   Count VI of Sherwood's
Amended Counterclaims is therefore dismissed.

### C. Manhardt's Motion to Dismiss

Manhardt moves to dismiss all of Sherwood's
counterclaims as asserted against him pursuant to Rule
12(b)(6), arguing that there is no evidence to suggest that
Manhardt exerts complete domination over Max Impact as to
warrant piercing the corporate veil.   (<u>See</u> Third-Party
Defs.' Memo. at 4-7.)

As noted above, Sherwood previously moved to add
Manhardt as an individual defendant.   In that motion,
Sherwood argued that Manhardt exercised complete domination
and control over Max Impact based on the fact that it is a
closely-held corporate entity.   (<u>See</u> Def.'s Memo. in Supp.
of Its Cross-Mot. to Join Individuals at 2-4.)   This Court
rejected Sherwood's argument and denied Sherwood's motion
to amend.   (<u>See</u> Memo. and Order, Aug. 23, 2010, at 3.)

---

[7] It is also worth noting that any allegations relating to use of the
'923 patent are irrelevant to a patent misuse defense here because
Plaintiffs have made no allegations related to the '923 patent.   <u>See</u>
<u>Carter-Wallace</u>, 449 F.2d at 1386.

Specifically, this Court held that, based on the evidence before the Court, Manhardt acted as a member of Max Impact at all relevant times and not as an individual. (Id.)

Here, Sherwood makes the same, previously-rejected arguments and points to the same evidence to support its joining Manhardt as a third-party defendant.[8] (See Def.'s Opp'n to Third-Party Defs.' Mot. to Dismiss at 1.) Thus, for the same reasons that Sherwood's motion to join Manhardt was denied, all of Sherwood's Counterclaims as asserted against Manhardt are dismissed.

### D. BamBams' Motion to Dismiss Sherwood's Amended Counterclaims

#### 1. Patent False Marking Claims (Counts IV & V) and Patent Misuse Claim (Count VI)

BamBams moves to dismiss Counts IV, V, and VI of Sherwood's Amended Counterclaims pursuant to Rule 12(b)(6). In these false marking and patent misuse claims, Sherwood asserts the same allegations against BamBams as it asserts against Max Impact. Thus, for the reasons discussed above, Counts IV, V, and VI are dismissed.

---

[8] Notably, to support its position, Sherwood points to and attaches the same email communications that it previously submitted to this Court as part of its motion to join Manhardt. (See Sherwood's Opp'n to Third-Party Defs.' Mot. to Dismiss at 1; Sherwood's Reply Memo. in Supp. of Its Cross-Mot. to Join Individuals at 1-3.)

## 2. False Advertising Claim (Count II)

Next, BamBams moves to dismiss Count II of Sherwood's Amended Counterclaims. In Count II, Sherwood alleges that BamBams has made false statements about its ROLLABANA® product and Sherwood's Expand-A-Banner product in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a). (Ans. & Am. Counterclms. ¶¶ 15-27.)

Section 43(a) of the Lanham Act provides that

[a]ny person who . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B). The Second Circuit has defined "commercial advertising or promotion" to mean commercial speech that is made for the purpose of influencing consumers to buy defendant's goods or services and that is sufficiently disseminated to the relevant purchasing public. See Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56-58 (2d Cir. 2002). To state a claim for false advertising under §43(a) of the Lanham Act, a plaintiff must also allege that: "(1) the advertisement is literally false . . ., or (2) although the advertisement is literally true, it is likely to deceive or

confuse consumers." <u>Societe Des Hotels Meridien v. LaSalle</u> <u>Hotel Operating Partnerhip</u>, 380 F.3d 126, 132 (2d Cir. 2004) (quoting <u>Lipton v. Nature Co.</u>, 71 F.3d 464, 474 (2d Cir. 1995)). The contested statements can be about the quality of the plaintiff's product or the product of the party making the statement. <u>Id.</u>

Here, BamBams argues that none of Sherwood's allegations relate to actions by BamBams. (<u>See</u> Third-Party Defs. Memo. at 9-10.) This, however, is incorrect. Sherwood alleges that BamBams made numerous false statements on its website and in other advertising materials about the ROLLABANA® product's patent coverage and Sherwood's Expand-A-Banner product's patent infringement. (<u>See</u> Ans. & Am. Counterclms. ¶¶ 15-17, 18, 26.) Sherwood also alleges that the contested statements were made to Sherwood's current and potential customers and that Sherwood has suffered losses as a result. (<u>See</u> <u>Id.</u> at ¶ 17, 26.) Drawing all reasonable inferences in Sherwood's favor, these allegations are sufficient to support a claim against BamBams for false advertising under §43(a) of the Lanham Act. BamBams' motion to dismiss Count II is therefore denied.

### 3. Tortious Interference with Business Relationships Claim (Count III)

Finally, BamBams moves to dismiss Count III of Sherwood's Amended Counterclaims.  In Count III, Sherwood asserts that BamBams has interfered with Sherwood's business relationships with its customers and potential customers.  (See Ans. & Am. Counterclms. ¶¶ 28-36.)

To state a claim for tortious interference with advantageous business relationships under New York law,[9] a plaintiff must allege that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship."  Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 132 (2d Cir. 2008) (citing Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 214 (2d Cir. 2002)); see also Scutti Enters., L.L.C. v. Park Place Entm't Corp., 322 F.3d 211, 215-17 (2d Cir. 2003) (reversing district court's dismissal of tortious interference with business relations because it involved issues of fact).

---

[9] No party disputes that New York law applies here, and the parties cite exclusively to New York law in their moving papers.  Accordingly, this Court will apply New York law.

18

BamBams argues that Sherwood has not and cannot allege that BamBams acted with the requisite wrongful purpose to harm Sherwood because at all times BamBams relied on the expiration date of January 25, 2011 for the '774 patent because this date was expressly stated in the Distribution Agreement.   (See Third-Party Defs.' Mem. at 11-12.) Moreover, BamBams argues, it continued to pay royalties for use of the '774 patent after the January 5, 2010, which is further evidence that it believed the patent expired on January 25, 2011.  (See id.)  BamBams' argument, however, relies entirely on materials outside the pleadings -- the Distribution Agreement and a declaration submitted by Daniel M. Taylor, President of BamBams.  (Id.)  In deciding BamBams' 12(b)(6) motion it is not this Court's role to weigh the evidence nor will this Court consider matters outside the pleadings.   See Festa, 905 F.2d at 37-38; Campo, 857 F.Supp. at 269.

Thus, accepting as true all of Sherwood's well-pleaded factual allegations and drawing all reasonable inferences in Sherwood's favor, Sherwood has sufficiently alleged a tortious interference claim against BamBams. (See Ans. and Am. Counterclms. ¶¶ 30-36.)  BamBams' motion to dismiss Count III is therefore denied.

### D. Sherwood's Motion to Dismiss and Plaintiffs' Cross-Motion to Disqualify

Sherwood moves to dismiss Plaintiffs' Amended Complaint for lack of standing, arguing that Argo, a necessary party, has withdrawn as co-plaintiff. To support its motion, Sherwood attaches the Declaration of Moshe Harel, which Sherwood's counsel prepared for Harel, based on communications that Sherwood's counsel had with Harel after Harel contacted Sherwood's counsel and expressed a desire to be "extricated" from this case. (See Decl. of Ezra Sutton in Opp'n to Mot. to Disqualify and in Supp. of Mot. to Dismiss.)

Plaintiffs cross-move to disqualify Sherwood's counsel, arguing that Sherwood counsel's conversations with Harel were in violation of Disciplinary Rule 7-104,[10] which restricts attorney communications with adverse parties who are represented by counsel. (See Pls.' Memo. in Supp. of Cross-Mot. to Disqualify at 3-8.)

---

[10] Disciplinary Rule 7-104 provides:

> [i]n representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

22 N.Y.C.R.R. § 1200.35.

This Court will hold a hearing to resolve the issues raised in Sherwood's motion to dismiss for lack of standing and Plaintiff's cross-motion to disqualify Sherwood's counsel. The Court will contact the parties to set a date and time for the hearing.

### CONCLUSION

For the above reasons, Max Impact's motion to dismiss Counts IV, V, and VI of Sherwood's Amended Counterclaims is GRANTED; Manhardt's motion to dismiss Sherwood's Amended Counterclaims is GRANTED; BamBams' motion to dismiss Sherwood's Amended Counterclaims is GRANTED in so far as Counts IV, V, and VI of Sherwood's Amended Counterclaims are dismissed and is otherwise DENIED; and this Court will hold a hearing to resolve the issues raised in Sherwood's motion to dismiss for lack of standing and Plaintiff's cross-motion to disqualify Sherwood's counsel.

SO ORDERED.

Dated: February 14, 2011

Lawrence M. McKenna
U.S.D.J.

21