UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/2012
```

------------------------------------x

MAX IMPACT, LLC, <u>et al.</u>,          :

              Plaintiffs,          :          09 Civ. 902 (LMM)

       - v -          :          <u>MEMORANDUM AND ORDER</u>

SHERWOOD GROUP, INC.,          :

          Defendant.          :

------------------------------------x

McKENNA, D.J.,

      In a Report and Recommendation dated August 16, 2012 ("Report"), Magistrate Judge Pitman recommended that defendant's motion dated October 14, 2011 for dismissal of the first claim of plaintiff's amended compliant be granted.[1]  Plaintiffs object.

      Judge Pitman's recommendation was based on the law of the case doctrine.  Report at 6-7 (citing <u>In re Ski Train Fire in Kaprun, Austria, on Nov. 11, 2001</u>, 224 F.R.D. 543, 545-46 (S.D.N.Y. 2004), and <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1254-55 (2d Cir. 1992)).  While it is no doubt true that, in appropriate circumstances, a district court may depart from the law of the case -- <u>see</u> <u>Johnson v. Holder</u>, 564 F.3d 95, 99-100 (2d Cir. 2009) (quoting <u>Higgins v. Cal. Prune & Apricot Grower,</u>

---

    [1] The Court assumes familiarity with its prior decisions herein, dated (i) April 30, 2010 (Docket No. 58), (ii) August 23, 2010 (Docket No. 73), and February 14, 2011 (Docket No. 105).

Inc., 3 F.2d 896 (2d Cir. 1924) (L. Hand, J.)) -- the Court finds no compelling reason to do so here.

Plaintiff's citation of Telebrands Corp. v. Del Laboratories, Inc., 719 F.Supp.2d 283 (S.D.N.Y. 2010), is not dispositive.   That case, as a district court decision, is not binding precedent, nor is it really in point.   It does not say anything that would preclude reliance here on the law of the case doctrine.[2]

Judge Pitman's decision has not been shown to be clearly erroneous or contrary to law.   28 U.S.C. § 636(b)(1(A), and the Court accepts it.

Defendant may have judgment dismissing the first claim of the amended complaint.

SO ORDERED.

Dated:   November *16*, 2012

_____
                Lawrence M. McKenna
                U.S.D.J.

---

[2] Telebrands dealt particularly with the issue of standing, 719 F.Supp.2d of 292-93.