```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MAX IMPACT, LLC., et al.,          :

                Plaintiffs,        :   09 Civ. 902 (JGK)(HBP)

    -against-                      :   REPORT AND
                                       RECOMMENDATION
SHERWOOD GROUP, INC.,              :

                Defendant.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE JOHN G. KOELTL, United States District Judge,

On April 15, 2013, I granted the application of Christopher Turcotte, Esq. to withdraw as counsel for Max Impact, LLC and Chanelia Ltd. on the ground that he had not been paid. My Order granting Mr. Turcotte's application to withdraw further provided:

> Because plaintiffs are an LLC and a corporation, they can only litigate this action through counsel; they cannot proceed pro se. Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam) ("[B]oth a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, . . . a limited liability company also may appear in federal court only through a licensed attorney."); accord City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130-31 (2d Cir. 2011). Plaintiffs must, therefore, retain new counsel in order to prose-

>       cute this action.  **If plaintiffs fail to retain new
> counsel on or before May 17, 2013, it is my intention
> to issue a report and recommendation recommending that
> this matter be dismissed for failure to prosecute and
> that any counterclaims against plaintiffs be granted on
> default**.
>
>       Outgoing counsel are directed to provide a copy of
> this Order to plaintiffs and to explain plaintiffs'
> obligation to retain new counsel if they wish to prose-
> cute this matter.

(Emphasis in original.)  To date, no new counsel has appeared for either Max Impact, LLC or Chanelia Ltd. nor has anyone contacted my chambers in any way on behalf or Max Impact, LLC or Chanelia Ltd.

Because Max Impact, LLC and Chanelia Ltd. cannot prosecute this action pro se and have not retained new counsel within the time allotted, their claims should be dismissed for failure to prosecute.  Preferred Group of Manhattan, Inc. v. Dooley, 09 Civ. 4981 (VB)(PED), 2012 WL 6914024 at *1 (S.D.N.Y. Dec 27, 2012) (Davison, M.J.) (Report & Recommendation), adopted at, 2013 WL 214317 (S.D.N.Y. Jan 18, 2013)(Bricetti,. D.J.); Next Proteins, Inc. v. Distinct Beverages, Inc., 09 CV 4534 (DRH)(ETB), 2012 WL 314871 (E.D.N.Y. Feb. 1, 2012) (dismissing counterclaims of non-appearing corporate defendant); Bay Chevro-let Inc. v. Gen. Motors Corp., 08 Civ. 233, 08 Civ. 4631 (KAM)(JMA), 2011 WL 4628743 at *2 (E.D.N.Y. Aug. 11, 2011) (Report & Recommendation), adopted at, 2011 WL 4628713 (E.D.N.Y.

Oct. 3, 2011) (collecting cases).  In addition, a default judgment should also be entered with respect to the counterclaims asserted against Max Impact, LLC and Chanelia Ltd.  <u>Grace v. Bank Leumi Trust Co. of N.Y.</u>, 443 F.3d 180, 192 (2d Cir. 2006); <u>Eagle Associates v. Bank of Montreal</u>, 926 F.2d 1305, 1310 (2d Cir. 1991).

Accordingly, for all the foregoing reasons, I respectfully recommend, <u>mea sponte</u>, that the claims of Max Impact, LLC and Chanelia Ltd. be dismissed for failure to prosecute and that a default judgment be entered with respect to the counterclaims against them.

<u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  <u>See also</u> Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable John G. Koeltl, United States District Judge, 500 Pearl Street, Room 1030, New York, New York  10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objec-

3

tions must be directed to Judge Koeltl.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        July 25, 2013

Respectfully submitted,

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Max Impact, LLC
1405 Old Winter Beach Road
Vero Beach, Florida  32963

Max Impact, LLC
P.O. Box 45781
Los Angeles, California  90045

Max Impact, LLC
Suite 205
3961 Sepulveda Boulevard
Culver City, California  90230

Chanelia Ltd.
12 Hatherley Road
Sidcup
Kent
DA14 4DT
United Kingdom

Chanelia Ltd.
King Street House
15 Upper King Street
Norwich
Norfolk
NR3 1RB
United Kingdom

Christopher B. Turcotte, Esq.
Christopher B. Turcotte, P.C.
575 Madison Avenue
New York, New York  10022

Ezra Sutton, Esq.
Ezra Sutton, P.A.
900 Route 9
Woodbridge, New Jersey  07095